Seth M. Lehrman (SBN 178303)
seth@epplc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorney for Plaintiff
Ryoo Dental, Inc. d/b/a/ Ryoo Dental

Christopher J. Reichman (SBN 250485)
chrisr@prato-reichman.com
PRATO & REICHMAN, APC
8555 Aero Drive, Suite 303
San Diego, California 92123
Telephone: 619-683-7971
Facsimile: 619-241-8309

Attorneys for Defendant
Pristine Dental Supplies, Inc. d/b/a
Pristine Dental Supply, Mosammat Parvin Akhter
d/b/a Pristine Dental Supply, and
Mohamed Salahuddin d/b/a Pristine Dental Supply

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a/ RYOO, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>PRISTINE DENTAL SUPPLIES, INC. d/b/a PRISTINE DENTAL SUPPLY, MOSAMMAT PARVIN AKHTER d/b/a PRISTINE DENTAL SUPPLY, and MOHAMED SALAHUDDIN d/b/a PRISTINE DENTAL SUPPLY,<br><br>                    Defendants. | Case No. 8:18-cv-00606-JLS-DFM<br><br>Class Action<br><br>**JOINT STIPULATION FOR DISMISSAL**<br><br>Judge:   Josephine L. Staton<br><br>Complaint filed: April 12, 2018 |

1. Plaintiff Ryoo Dental, Inc. d/b/a Ryoo Dental and Defendants Pristine Dental Supplies, Inc. d/b/a Pristine Dental Supply, Mosammat Parvin Akhter d/b/a Pristine Dental Supply, and Mohamed Salahuddin d/b/a Pristine Dental Supply ("Defendants") through counsel, submit this Joint Motion for Dismissal pursuant to the Court's July 17, 2018 Order (ECF No. 20) and the FRCP 41(a)(1)(A)(ii).

2. A copy of the parties' Settlement Agreement and General Release ("Settlement Agreement") dated as of July 9, 2018, is attached as **Exhibit A**.

3. Plaintiff filed his class action complaint on April 12, 2018, asserting violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The proposed class has not been certified. The parties resolved this putative class action on an individual basis under the terms and conditions set forth in the Settlement Agreement. See **Exhibit A**.

4. "To determine whether pre-certification settlement or dismissal is appropriate, the Court must assess potential prejudice to the absent putative class members from: (1) 'possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances'; (2) 'lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations'; and (3) 'any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.'" *Tombline v. Wells Fargo Bank*, N.A., No. 13-cv-04567-JD, 2014 WL 5140048, at *2 (N.D. Cal. Oct. 10, 2014) (quoting *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989)) (recognizing that, based on 2003 amendments to Fed. R. Civ. P. 23, there is "'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals"). The purpose of analyzing these so-called *Diaz* factors "is to 'determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice absent putative members.'" *Id.* (quoting *Lyons v. Bank of*

*America, NA*, No. C 11-1232 CW, 2012 W L 5940846, at *1 (N. D. Cal. Nov. 27, 2012).

5. As to the first *Diaz* factor, the parties represent that they know of no absent putative class members who are relying on the pendency of this putative class action. Media attention regarding the action has been sparse.

6. Plaintiff is not aware of any media attention paid to this case and has not received any inquiries from others regarding the action. The putative class members are highly unlikely to have knowledge of it, or to have relied upon it in any way.

7. As to the second *Diaz* factor, the pendency of this putative class action tolled the statute of limitations applicable to any individual or class claims based on the same facts and circumstances. *See, e.g., Resh v. China Agritech, Inc.,* 857 F.3d 994, 1005 (9th Cir. 2017). Thus, should the Court approve this Stipulation of Dismissal, the unnamed putative class members will be in the same position as they were at the time plaintiff filed its class action Complaint. The TCPA has a four-year statute of limitations. Plaintiff filed its Complaint on April 12, 2018.

8. As to the third *Diaz* factor, the Settlement Agreement does not resolve or concede any class interest nor demonstrate collusion to the detriment of the putative class. The settlement is structured as an individual resolution of plaintiff's claims. Plaintiff ultimately did not seek to serve as a class representative, nor was it certified as a class representative. Thus, plaintiff was not empowered to, could not, and did not seek to settle or resolve class claims. The terms and conditions of the Settlement did not release claims of unnamed putative class members nor prejudice their rights. *See, e.g.*, Exhibit A ¶ 5.

9. Based on the *Diaz* factors, as described above, the terms and conditions of the Settlement Agreement, the absence of any collusion, and the lack of prejudice to unnamed putative class members, the parties do not believe that it is necessary to notify any such class members of the settlement.

WHEREFORE, the parties request that the Court enter the attached order (1) dismissing plaintiff's individual claims with prejudice; and (2) dismissing Plaintiff's class claims without prejudice.

DATED: August 13, 2018       EDWARDS POTTINGER, LLC.

By: */s/ Seth Lehrman*
Seth Lehrman
Attorney for Plaintiff
Ryoo Dental, Inc. d/b/a Ryoo Dental

DATED: August 13, 2018       PRATO & REICHMAN, APC

By: */s/ Christopher J. Reichman*
Christopher J. Reichman
Attorneys for Defendants
Pristine Dental Supplies, Inc. d/b/a Pristine Dental Supply, Mosammat Parvin Akhter d/b/a Pristine Dental Supply, and Mohamed Salahuddin d/b/a Pristine Dental Supply

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4, I hereby certify that the content of this document is acceptable to Christopher J. Reichman, attorney for Defendant, and that I obtained Mr. Reichman's authorization to file this document.

By: */s/ Seth M. Lehrman*
Seth M. Lehrman